STATE OF MAINE CUMBERLAND, SS. CLERK'S OFFICE

STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-319

RAC. -

SAENGTONG WORAMALEE,

Plaintiff

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 2 2002

SUWANNA TRUONG &
SAENGTONG CORPORATION,

Defendants

The matters before this court are the Defendants' motion to dismiss and the Plaintiff's motion to enlarge time for Defendant Saengtong Corporation to file responsive pleadings.

## FACTS

The Plaintiff and Defendant Troung each own fifty percent of the Saengtong Corporation, which conducts business as a restaurant in Portland, Maine. By signing a 1999 stock subscription agreement, Defendant Troung accepted the position of treasurer of the Defendant Corporation as well as agreeing to be responsible for overseeing the day-to-day financial matters of the Defendant Corporation. Pursuant to that stock subscription agreement, Defendant Troung agreed that corporate checks had to be signed by both parties. Defendant Troung then misappropriated money belonging to the Defendant

1

Corporation, failed to keep financial records of the Defendant Corporation, negotiated checks with only the Defendant's signature, and otherwise breached the terms of the stock subscription agreement.

As a result of the abovementioned allegations, the Plaintiff filed suit against the Defendants for breach of contract, breach of fiduciary duty, demand to inspect the corporate records, dissolution of the corporation, negligence, unjust enrichment, fraud, conversion, punitive damages, a declaratory judgment regarding a non-competition waiver, rescission of a non-competition waiver, and injunctive relief.

## DISCUSSION

The Defendants' motion to dismiss tests the legal sufficiency of the Plaintiff's complaint. *See* In re Wage Payment Litigation, 2000 ME 162 ¶3, 759 A.2d 217, 220. The allegations set forth in the complaint must be deemed as admitted and viewed in a light most favorable to the Plaintiff. *Id.* This court should only dismiss the complaint if it appears beyond doubt that the Plaintiff cannot prove her claims under any set of facts that would entitle her to relief. *Id.*

The Defendants base their motion to dismiss on the theory that the Plaintiff has in effect filed a derivative suit without complying with the statutory prerequisites pursuant to 13-A M.R.S.A. §630[1] and the procedural prerequisites pursuant to M.R.Civ.P. 23A (requiring the plaintiff to detail certain averments). In other words, the Plaintiff is an improper party and has no standing to bring

---

[1] 13-A M.R.S.A. § 630 (2001) provides:
A shareholder may not commence a derivative proceeding until:
  1. Written demand. A written demand has been made upon the corporation to take suitable action; and
  2. Expiration period. Ninety days have expired from the date that demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period.

2

this action. Nevertheless, it appears to this court that that the Plaintiff has filed a direct action as opposed to a derivative one. *See* <u>Forbes v. Wells Beach Casino, Inc.</u>, 307 A.2d 210, 221 (Me. 1973) ("The derivative action is distinguished from an individual's action which is brought by a stockholder for a loss separate and distinct from that suffered by the other stockholders."). The Law Court has stated that a shareholder who has directly suffered an injury, which other shareholders have not suffered, may seek a remedy without bringing a derivative action. *See* <u>Moore v. Maine Indus. Serv. Inc.</u>, 645 A.2d 626, 629-30 (Me. 1994) (holding that a minority shareholder, who suffered an injury separate and distinct from the majority shareholders, could bring a suit for corporate waste and mismanagement). As a result, the Plaintiff justifies her claims as individual harm, alleging that she suffered separate and distinct injuries, which were caused, and therefore not suffered, by Defendant Troung.

The Law Court has noted that in the case of a close corporation it is often difficult to determine whether a party must bring an action as a direct or as a derivative suit. <u>Moore</u> 654 A.2d at 629. Some of the Plaintiff's claims are not derivative in nature such as Count III seeking to inspect the Defendant Corporation's books pursuant to 13-A M.R.S.A. § 626 and Count IV seeking to dissolve the Defendant Corporation pursuant to 13-A M.R.S.A. §1115. Other claims could belong to the Defendant Corporation such as Count II entailing breach of fiduciary duty and Count V entailing negligence. However, this court must also consider the practical ramifications of requiring that a derivative suit be brought on behalf of the Defendant Corporation. One treatise has commented on the situation as follows:

Courts need not ignore the reality that the litigation is really a dispute among shareholders. The derivative/direct distinction makes little sense when the only interested parties are two individuals or sets of shareholders, one who is in control and the other who is not. In this context, the debate over derivative status can become "purely technical." There is no practical need to insist on derivative suits when there is little likelihood of a multiplicity of suits or harm to creditors. Any recovery in a derivative suit would return funds to the control of the defendant, rather than to the injured party.

F. HODGE O'NEAL & ROBERT B. THOMPSON, O'NEAL'S CLOSE CORPORATIONS §9.22 (3ᵈ ed. 2000).

This court must consider that the Defendant Corporation has only two shareholders who cannot work together in carrying out the business of the Defendant Corporation. Moreover, no creditors are alleged to have been harmed. If the Defendant Corporation were to recover any misappropriated funds by way of a derivative suit, the party that caused the loss to the Defendant Corporation would be compensated for its acts. Consequentially, for practical reasons this court will not dismiss the Plaintiff's claims.

The Defendants also argue that the stock subscription agreement between the Plaintiff and Defendant Troung contained a "shareholder's cross-purchase agreement" allowing each shareholder to purchase the other's stock for $50,000. Hence, before filing a claim for the dissolution of the Defendant Corporation, the Plaintiff was contractually bound to offer to sell the Plaintiff's shares to the Defendant or to offer to buy Defendant Troung's shares. Nevertheless, this court

4

will not consider the agreement, which for purposes of a motion to dismiss is outside of the complaint.

The Plaintiff, as an individual and as a shareholder/half owner of the Defendant Corporation, has filed a motion to request additional time for the Plaintiff or another official authorized by the court to seek legal counsel to represent the Defendant Corporation and file responsive pleadings for the Defendant Corporation. Defendant Troung argues that the Plaintiff's failure to properly file a derivative action precludes the Plaintiff, who lacks standing, from requesting such an extension of time, which would allow the Plaintiff to file a response to her own complaint. In light of the discordant relationship between the Plaintiff and Defendant Troung, however, this court would like the parties to clarify, and possibly come to an agreement, on how the Defendant Corporation will be represented in future proceedings.

Wherefore this court shall **DENY** the Defendants' motion to dismiss, and request counsel for the Plaintiff and Defendant Troung to attend a hearing, regarding the representation of the Defendant Corporation.

Dated: September 27, 2002

Roland A. Cole
Justice, Superior Court

5

SAENGTONG WORAMALEE  - PLAINTIFF

Attorney for: SAENGTONG WORAMALEE
JOHN L CARVER
CARVER & KIMBALL
10 CHURCH STREET
BELFAST ME 04915


vs
SUWANNA TROUNG  - DEFENDANT

Attorney for: SUWANNA TROUNG
JEFFREY BENNETT
THE  BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799

SAENGTONG CORPORATION - DEFENDANT

Attorney for: SAENGTONG CORPORATION
JEFFREY BENNETT
THE  BENNETT LAW FIRM, PA
121 MIDDLE ST SUITE 300
PO BOX 7799
PORTLAND ME 04112-7799

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2002-00319


**DOCKET RECORD**